IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

GREAT AMERICAN RISK SOLUTIONS
SURPLUS LINES INSURANCE
COMPANY,

        Plaintiff,              CASE NO.: _____

vs.

KEMO, LLC & DOMINIQUE
LAMBRIGHT, both Individually and as
Parent and Natural Guardian of G.L.,

        Defendants.

_____/

**<u>COMPLAINT FOR DECLARATORY RELIEF
AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY f/n/a AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY ("GREAT AMERICAN"), hereby petitions this Court for a Declaratory Judgment and alleges as follows:

**<u>PARTIES, JURISDICTION AND VENUE</u>**

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 – 2202, and the underlying amount in controversy is more than $75,000, exclusive of interest, costs, and attorneys' fees.

2.      Plaintiff, GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY, an insurance company, formerly known as American Empire

Surplus Lines Insurance Company,[1] is an Ohio corporation with a principal place of business in Cincinnati, Ohio. GREAT AMERICAN is authorized to conduct business throughout the State of Florida as a surplus lines carrier.

3.     Defendant, KEMO, LLC ("KEMO" or the "Named Insured"), is a limited liability company organized under the laws of the State of Florida, doing business and licensed to do business in the State of Florida, and having its principal place of business in Florida.

4.     The citizenship of KEMO, LLC is determined by the citizenship of each of its members. KEMO, LLC's members are: (1) Monica C. Borsalino, a natural person domiciled in and a citizen of Florida residing at 3100 N. Ocean Boulevard, Unit 301, Fort Lauderdale, Florida, 33308; (2) Kevin Smith, a natural person domiciled in and a citizen of Florida residing at 3100 N. Ocean Boulevard, Unit 301, Fort Lauderdale, Florida, 33308; and (3) KEMO RENTALS LLC, a limited liability company organized under the laws of the State of Florida.

5.     As to KEMO, LLC member KEMO RENTALS, LLC, its members are: (1) Monica C. Borsalino, a natural person domiciled in and a citizen of Florida residing at 3100 N. Ocean Boulevard, Unit 301, Fort Lauderdale, Florida, 33308; and (2) Kevin Smith, a natural person domiciled in and a citizen of Florida residing at 3100 N. Ocean Boulevard, Unit 301, Fort Lauderdale, Florida, 33308.

6.     Accordingly, KEMO, LLC is a citizen of Florida.

---

[1] American Empire Surplus Lines Insurance Company changed its name to Great American Risk Solutions Surplus Lines Insurance Company, effective July 17, 2023.

2

7. Defendant, DOMINIQUE LAMBRIGHT, both individually and as parent and natural guardian of daughter G.L., (collectively "LAMBRIGHT"), is a natural person domiciled in and a citizen of Florida as a permanent resident of Broward County, Florida, residing at 551 Northwest 97th Avenue, Plantation, Florida, 33324. LAMBRIGHT is otherwise *sui juris* and is an interested party in this matter as an individual whose interests may be affected by the declarations being sought by GREAT AMERICAN.

8. Plaintiff GREAT AMERICAN is not a citizen of Florida, and the underlying matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs because the declaratory relief being sought will determine whether Plaintiff must defend and indemnify KEMO LLC against pending claims for bodily injury for which policy limits demands have been made which expose Plaintiff to potential indemnity in excess of $75,000.

9. Therefore, the District Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as none of the Defendants, including any member of KEMO, LLC, is a citizen of or domiciled in Ohio.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because the events giving rise to this litigation allegedly occurred in Broward County, Florida.

## FACTS

## THE GREAT AMERICAN COMMERCIAL GENERAL LIABILITY POLICY

11. GREAT AMERICAN, formerly known as American Empire Surplus Lines

Insurance Company, issued a surplus lines Commercial General Liability policy, Policy No. PLE558142-03, effective from February 5, 2023, to February 5, 2024, to Defendant KEMO (the "Policy"). A true and correct copy of the Policy is attached hereto and referenced herein as Exhibit "A."

12.     Coverage A of the Commercial General Liability Coverage Form provides potential liability coverage to KEMO for damages it is legally obligated to pay because of an otherwise covered claim for "*bodily injury*" or "*property damage,*" subject to the Policy's express terms and conditions. See Ex. A, p. 14 (Section I – Coverages, Coverage A - Bodily Injury and Property Damage Liability).

13.     Under Coverage A, the Policy provides that GREAT AMERICAN has "*the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any 'suit' … to which this insurance does not apply.*" *Id.*

14.     Under Coverage C – Medical Payments, the Policy also provides medical payment coverage to KEMO because of an accidental "*bodily injury*" when certain conditions are met, and subject to the Policy's express terms and conditions. See Ex. A, pp. 22-23 (Coverage C – Medical Payments, 1. Insuring Agreement).

15.     The Policy provides coverage limits of $1,000,000 for each covered "*occurrence*" with a general annual aggregate of $2,000,000 applicable to Coverage A, and a medical expense limit under Coverage C of $5,000 for "*any one person*." See Ex. A, p. 10 (Declarations Commercial General Liability Policy).

16.     The Policy provides the following relevant definitions of the terms "*bodily injury*," "*property damage*," and "*suit*":

> 3. **"Bodily injury"** *means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*
>
> \* \* \*
>
> 17. **"Property damage"** *means:*
>
> *a. physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
>
> *b. loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*
>
> *For the purposes of this insurance, electronic data is not tangible property.*
>
> *As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*
>
> 18. **"Suit"** *means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  Suit includes:*
>
> *a. an arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or*
>
> *b. any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.*

See Ex. A, pp. 29-33 (Section V – Definitions).

17.     The Policy contains certain exclusions applicable to  Coverage A for "*bodily injury*" or "*property damage*"  and Coverage C for  medical payments, including the "EXCLUSION - ORGANIC PATHOGENS" [CG 84 81 (Ed. 08 14)] (the "Organic Pathogens Exclusion") and the "TOTAL POLLUTION EXCLUSION WITH A BUILDING HEATING, COOLING AND DEHUMIDIFYING EQUIPMENT EXCEPTION AND A HOSTILE FIRE EXCEPTION" [CG 21 65 (Ed. 12 04)] (the "Total Pollution Exclusion").

18.     The Policy's Organic Pathogens Exclusion states as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**EXCLUSION - ORGANIC PATHOGENS**

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM
PRODUCTS/COMPLETED OPERATIONS LIABILITY
COVERAGE FORM*

*The following is added to **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I - COVERAGES, Coverage A. Bodily Injury and Property Damage Liability, 2. Exclusions and Coverage B. Personal and Advertising Injury, 2. Exclusions** or **PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM, SECTION I - COVERAGES PRODUCTS/COMPLETED OPERATIONS, 2. Exclusions:***

*[This insurance does not apply to:]*

***Organic Pathogens***

a. *"Bodily injury," "property damage,"* or *"personal and advertising injury"* <u>*arising out of any actual, alleged or threatened infectious, pathogenic, toxic or other harmful properties of any "organic pathogen*."</u>

b. *Any loss, cost or expense arising out of any:*

    *(i)*     *request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of any "organic pathogen," or*

    *(ii)*     *claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of any "organic pathogen."*

*The following definition is added to the **Definitions** Section:*

***"Organic pathogen"*** *means any:*

**A.** <u>*bacteria*</u>*; mildew, mold or other fungi;* <u>*other microorganisms*</u>*; or mycotoxins, spores or other by-products of any of the foregoing;*

**B.** <u>*viruses or other pathogens (whether or not a microorganism)*</u>*; or*

**C.** <u>*colony or group of any of the foregoing*</u>*.*

See Ex. A, pp. 45 (emphasis added).

    19.     The Policy's Total Pollution Exclusion states as follows:

***THIS ENDORSEMENT CHANGES THE POLICY.***
***PLEASE READ IT CAREFULLY.***

***TOTAL POLLUTION EXCLUSION WITH A BUILDING***

### *HEATING, COOLING AND DEHUMIDIFYING EQUIPMENT EXCEPTION AND A HOSTILE FIRE EXCEPTION*

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*Exclusion **f.** under paragraph **2. Exclusions** of **SECTION I - Coverage A - Bodily Injury and Property Damage Liability** is replaced by the following:*

*This insurance does not apply to:*

**f.  Pollution**

    **(1)** <u>*"Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time*</u>*.*

        *This exclusion does not apply to:*

        **(a)** *"bodily injury" if sustained within a building which is or was at any time owned or occupied by, or rented or loaned to, any insured and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guest; or*

        **(b)** *"bodily injury" … arising out of heat, smoke or fumes from a "hostile fire" unless that "hostile fire" occurred or originated:*

            **(i)** *at any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; or*

8

          **(ii)** *at any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or in any way respond to, or assess the effects of, "pollutants."*

     **(2)** *Any loss, cost or expense arising out of any:*

          **(a)** *request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or*

          **(b)** *claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants."*

See Ex. A, p. 66 (emphasis added).

20.    The Policy defines "*pollutants*" as "*any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.*" See Ex. A, p. 32 (Section V – Definitions).

21.    As to Coverage C, the Policy also contains the following exclusions:

**2.    Exclusions**

*We will not pay expenses for "bodily injury":*

              \* \* \*

**c.    Injury on Normally Occupied Premises**

>*To a person injured on that part of premises you own or rent that the person normally occupies.*
>
>* * *
>
>g.   ***Coverage A Exclusions***
>
>*Excluded under Coverage A.*

See Ex. A, p. 23.

## THE PRESUIT "NOTICE OF CLAIM" FROM LAMBRIGHT

22.   On or about May 29, 2024, counsel for Defendant DOMINIQUE LAMBRIGHT sent a correspondence to GREAT AMERICAN's Named Insured, KEMO, providing notice of a "*claim for related damages they sustained in the incident that occurred at or near 8209 SW 12th Street, North Lauderdale, FL 33068*" and requested certain disclosures of insurance information (the "Claim"). A true and correct copy of the May 29, 2024, correspondence is attached hereto and referenced herein as Exhibit "B."

23.   Upon investigation, GREAT AMERICAN determined that the nature of the presuit Claim being reported involved physical illnesses sustained by LAMBRIGHT and her daughter G.L., allegedly caused by exposure to a rat infestation and unsanitary living conditions in the rental unit in which LAMBRIGHT was residing with her daughter G.L.

24.   The rental property involved in the Claim and formerly occupied by LAMBRIGHT and her daughter G.L. is owned, operated, or both by GREAT AMERICAN's Named Insured, KEMO, and is an insured location under the Policy. See Ex. A, p. 13 (Schedule of Locations).

## THE PRESUIT DEMANDS FROM LAMBRIGHT

25.     On or about March 4, 2025, GREAT AMERICAN received a 10-day timed demand for its Policy limits made on behalf of LAMBRIGHT's daughter, G.L., only.  A true and correct copy of the March 4, 2025, G.L. Demand Letter is attached hereto and referenced herein as Exhibit "C."

26.     GREAT AMERICAN began its investigation of the Claim and on March 6, 2025, appointed Rumberger, Kirk & Caldwell, P.A. in Orlando, Florida as presuit counsel to KEMO, subject to a complete reservation of rights. A true and correct copy of the April 18, 2025, Reservation of Rights correspondence is attached hereto and referenced herein as Exhibit "D."

27.     In agreeing to investigate the Claim being made against KEMO under a reservation of rights, GREAT AMERICAN informed KEMO of the potential lack of coverage for the presuit Claim, based upon the Policy's Organic Pathogens Exclusion Total Pollution Exclusion, or both, among other reasons.  See Ex. D, p.9.

28.     On or about April 22, 2025, counsel for LAMBRIGHT issued further correspondence to GREAT AMERICAN, providing medical information for DOMINIQUE LAMBRIGHT and demanding that GREAT AMERICAN tender its Policy limits within 10 days to settle her claims against KEMO.  A true and correct copy of the April 22, 2025, Dominique Lambright Demand Letter is attached hereto and referenced herein as Exhibit "E."

## **THE LAMBRIGHT LAWSUIT**

29.    On or about July 31, 2025, LAMBRIGHT filed suit against KEMO in the

17th Judicial Circuit for Broward County, Florida, styled, *Dominique Lambright and*

*Dominique Lambright as parent and natural guardian [of] G. L. v. Kemo, LLC,* Case No.

CACE-25-011453 (the "Underlying Lawsuit").  A true and correct copy of the Underlying

Lawsuit is attached hereto and referenced herein as Exhibit "F."

30.    The Underlying Lawsuit makes the following factual allegations regarding

the alleged injuries sustained by LAMBRIGHT:

> *7. On or about January 30,2023, Plaintiffs entered into a lease agreement with the Defendant for the premises located at 8209 SW 121th Street, North Lauderdale, FL33068. The Defendant utilizes the premises as rental property. As such, Defendant has an obligation as the owner of the property to maintain the premises in a condition fit for human habitability.*
>
> *8 Prior to Plaintiffs moving in, the home was not maintained or was inadequately maintained or inspected for what Plaintiffs later discovered <u>was a rat infestation problem</u>.*
>
> *9. After moving in, Plaintiffs started to notice rat droppings around the home, and their food and food packing with the appearance of being eaten through by rodents. During their tenancy, <u>Plaintiffs began to experience multiple health issues, including but not limited to breathing difficulties, body aches, rashes, auto immune issues, anxiety, dizziness, headaches and infections, which required hospitalization for what Plaintiffs found out later to be Rat-Bite Fever</u>.*

See Ex. F, ¶¶ 7-9 (emphasis supplied).

31.    The Underlying Lawsuit further states that as a result of Kemo's alleged

negligence and the resulting infestation and subsequent illnesses, "*Plaintiffs sustained*

*<u>grievous bodily injuries</u>.*" See Ex. F, ¶ 13 (emphasis supplied).

32.     The Underlying Lawsuit contains three counts, Count I for "*Negligence,*"

Count II for "*Breach of Implied Warranty of Habitability,*" and Count III for "*Nuisance*."

See generally, Ex. F.

33.     Each of the three counts pled in the Underlying Lawsuit seeks damages for

"*bodily injuries*" allegedly caused by the rat infestation and other unsanitary conditions at

the Property.  See generally, Ex. F.

34.     The Plaintiffs' allegations with regard to **Count I** state in  part:

> *As a direct, proximate and foreseeable result of the negligence of Defendant,
> the <u>Plaintiffs suffered bodily injury, resulting pain and suffering, disability,
> disfigurement, mental anguish, loss of capacity for the enjoyment of life,
> expense of hospitalization, medical and nursing care and treatment, loss of
> earnings, loss of ability to earn money and aggravation of a previously
> existing condition</u>. The losses are either permanent or continuing in nature
> and Plaintiffs will suffer the losses in the future.*

See Ex. F, ¶ 17 (emphasis added).

35.     The Plaintiffs' allegations with regard to **Count II** state in  part:

> *Defendant breached this duty <u>by failing to keep the premises in a reasonable
> safe condition free of rat infestation, which resulted in an unsanitary and
> harmful condition</u>, making the premises unfit for its intended purpose and
> human habitability.*
>
> *<u>As a direct and proximate result of Defendant's negligence, Plaintiffs
> sustained grievous bodily injuries</u>.*

See Ex. F, ¶¶ 20-21 (emphasis added).

36.     And, the Plaintiffs' allegations with regard to **Count III** state in  part:

> *Plaintiffs' right and expectation of quiet enjoyment was <u>disrupted by the existence
> of rat infestation</u>, both harmful and annoying to Plaintiffs' enjoyment of the
> premises.*

*As a direct and proximate result of Defendant's negligence, Plaintiffs sustained grievous bodily injuries.*

See Ex. F, ¶¶ 24-25 (emphasis added).

37.     KEMO has received pre-suit demands seeking the full limits of its Policy for alleged illnesses and resulting bodily injuries sustained by LAMBRIGHT, purportedly caused by a rat infestation and potential exposure to "Rat Bite Fever" or other illnesses. LAMBRIGHT has now filed suit against KEMO based on these same allegations. GREAT AMERICAN contends that coverage for the Claim and the Underlying Lawsuit is barred by certain exclusions in the Policy. As a result, a bona fide dispute exists between the parties, and GREAT AMERICAN is uncertain as to its rights or obligations under the Policy. Accordingly, GREAT AMERICAN is entitled to seek judicial clarification of this contractual uncertainty.

38.     Resolution of the questions presented by this declaratory action will also benefit Defendants KEMO and LAMBRIGHT, by confirming the existence of, or the lack of, liability coverage available to KEMO under the Policy for the damages being sought by LAMBRIGHT in the Underlying Lawsuit.

39.     Therefore, an actual controversy suitable for declaratory relief within this Court's jurisdiction exists.

40.     All conditions precedent to this action have been met or waived.

**COUNT I**

**DECLARATORY RELIEF REGARDING THE LACK OF COVERAGE FOR THE LAMBRIGHT CLAIM AND UNDERLYING LAWSUIT UNDER THE POLICY**

41.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 40 above, as if fully set forth herein, and further states as follows:

42.     Under Coverage A of the Policy issued by GREAT AMERICAN to KEMO, GREAT AMERICAN is only required to defend KEMO against a "*suit*" seeking potentially covered damages for "*bodily injury*" or "*property damage*." See Ex. A, p. 14 (Section I – Coverages, Coverage A - Bodily Injury and Property Damage Liability).

43.     Under Coverage C of the Policy, which provides Medical Payment coverage to KEMO because of an accidental "*bodily injury,*" GREAT AMERICAN is only required to provide indemnity when certain conditions are first met, and where coverage is not excluded by the Policy. See Ex. A, pp. 22-23 (Coverage C – Medical Payments, 1. Insuring Agreement).

44.      While LAMBRIGHT has initiated a "*suit*" against KEMO seeking damages for "*bodily injury,*" the Underlying Lawsuit filed by LAMBRIGHT is based on allegations of physical illnesses sustained by LAMBRIGHT and her daughter, G.L., allegedly caused by exposure to a rat infestation and unsanitary living conditions in the rental unit in which LAMBRIGHT was residing with her daughter G.L. LAMBERT, and her daughter further alleges their physical illnesses were due to Rat Bite Fever. See Ex. F, ¶¶ 7-9.

45.     Moreover, each of the three counts pled in the Underlying Lawsuit seeks damages for "*bodily injuries*" allegedly caused by the same rat infestation and other illnesses.  See Ex. F, ¶ 17; ¶¶ 20-21; ¶¶ 24-25.

**The Organic Pathogens Exclusion**
**Excludes Coverage for the Underlying Lawsuit**

46.     With respect to Coverage A, the Policy contains a clear and enforceable Organic Pathogens Exclusion that modifies the Policy and expressly provides that coverage for *"bodily injury"* (or *"property damage,"* if alleged) does not exist for damages arising from *"any actual, alleged, or threatened infectious, pathogenic, toxic, or other harmful properties of any "organic pathogen."* See Ex. A, p. 45.

47.     The Organic Pathogens Exclusion defines the term "*organic pathogen*" as any "*<u>bacteria</u>; mildew, mold or other fungi; <u>other microorganisms</u>; or mycotoxins, spores or other by-products of any of the foregoing … <u>viruses or other pathogens</u> (whether or not a microorganism) <u>or a colony or group of any of the foregoing</u>.*" See Ex. A, p. 45 (emphasis supplied).

48.     Because the Underlying Lawsuit seeks damages for "*bodily injury*" based on allegations of physical illnesses and disease sustained by LAMBRIGHT and her daughter G.L. leading to a diagnosis of Rat Bite Fever (a bacterial infection humans contract through contact with rodents), coverage for the Underlying Lawsuit is barred by the Policy's Organic Pathogens Exclusion, which excludes coverage for claims arising from <u>bacteria, microorganisms or viruses</u>.  *Id.*

**<u>The Total Pollution Exclusion</u>**
**<u>Excludes Coverage for the Underlying Lawsuit</u>**

49.     The Policy also contains an unambiguous and enforceable Total Pollution Exclusion that modifies the Policy and excludes coverage for "*bodily injury*" (or for "*property damage*" if alleged) if alleged damages "*would not have occurred in whole or*

*part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time*." See Ex. A, p. 66.

50.     The Policy defines "*pollutants*" as "*any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed*." See Ex. A, p. 32 (Section V – Definitions) (emphasis added).

51.     The Underlying Lawsuit alleges that the apartment rented by LAMBRIGHT had a rat infestation problem and that, because of rodent activity, and after observing rat excrement and other signs, LAMBRIGHT suffered physical injury from exposure to the conditions in the apartment that were created by the alleged rodents. See Ex. F, ¶¶ 7-9.

52.     The Underlying Lawsuit seeks damages for "*bodily injury*" based on allegations of exposure to rat activity and visible rodent excrement in the apartment unit, leading to physical illness. The Policy's definition of "*pollutants*" is inclusive of any "*contaminant*" or "*waste*" product, *see* Ex. A, p. 32 (Section V – Definitions). Coverage for the Underlying Lawsuit is therefore also barred by the Policy's Total Pollution Exclusion, which excludes coverage for claims arising from or implicating exposure to "*contaminants*" or "*waste*." *Id.*

### Coverage C for Medical Payments is Likewise Excluded from Coverage

53.     As demonstrated above, the Policy's Organic Pathogens Exclusion and Total Pollution Exclusion serve to exclude coverage for the Underlying Lawsuit under Coverage A.  Additionally, the Organic Pathogen Exclusion and Total Pollution Exclusion apply to

exclude coverage under Coverage C. See Ex. A, p. 23 (noting that exclusions applicable to Coverage A will also be applied to Coverage C).

54.     Coverage C also contains the following exclusion:

*2. Exclusions*

*We will not pay expenses for "bodily injury":*

* * *

*c. Injury on Normally Occupied Premises*

*To a person injured on that part of premises you own or rent that the person normally occupies.*

See Ex. A, p. 23 (emphasis supplied).

55.     As pled in the Underlying Complaint, the injuries alleged to have been sustained by LAMBRIGHT took place at the apartment unit she rented from KEMO and occupied <u>as her primary place of residence</u>. See Ex. F, ¶¶ 7-9.

56.     Accordingly, any potential coverage under Coverage C of the Policy is also excluded by the Policy's exclusion for "***Injury on Normally Occupied Premises***" applicable to Coverage C. See Ex. A, p. 23.

**WHEREFORE**, GREAT AMERICAN respectfully requests that the Court enter an order of declaratory judgment finding that:

(1)     GREAT AMERICAN has no duty to defend KEMO under Coverage A of the Policy with respect to the Claim and Underlying Lawsuit filed by LAMBRIGHT, as the damages being sought by LAMBRIGHT in the Claim and Underlying Lawsuit are excluded from coverage by the Policy's Organic Pathogens Exclusion [CG 84 81 (Ed. 08

14)], Total Pollution Exclusion, or both [CG 21 65 (Ed. 12 04)];

(2)     Because GREAT AMERICAN has no duty to defend KEMO under Coverage A of the Policy with respect to the Claim and Underlying Lawsuit, GREAT AMERICAN likewise has no duty to indemnify KEMO for the damages being sought by LAMBRIGHT in the Claim and Underlying Lawsuit under Coverage A of the Policy;

(3)     GREAT AMERICAN has no duty to provide Medical Payment coverage under Coverage C of the Policy, both because the "*bodily injuries*" are alleged to have occurred on the premises that was ordinarily occupied by LAMBRIGHT, and because Coverage C of the Policy is subject to the same Organic Pathogens Exclusion and Total Pollution Exclusion that exclude coverage under Coverage A; and

(4)     that GREAT AMERICAN is entitled to any other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

GREAT AMERICAN hereby demands a jury trial on all issues so triable.

Dated: March 6, 2026.

Respectfully submitted,

*/s/ Dale S. Dobuler*
DALE S. DOBULER
Florida Bar No. 93403
dale.dobuler@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 North Orange Avenue, Suite 1200
Orlando, FL 32801
(407) 203-7599 - Phone
(407) 648-1376 – Facsimile

*Lead Counsel for Plaintiff,* GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY

JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* <mark>NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.</mark>

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐YES ☐ NO   b) Related Cases ☐YES ☐ NO
JUDGE:                                      DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE                    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY : RECEIPT #      AMOUNT      IFP      JUDGE      MAG JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) **Plaintiffs-Defendants**. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys**. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.    **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

VI.    **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII.    **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VIII.    **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❏ I served the summons on *(name of individual)* _____ , who is

    designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❏ I returned the summons unexecuted because _____ ; or

    ❏ Other *(specify):*

_____ .

    My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true.

Date: _____

                              _____
                                       *Server's signature*

                              _____
                                       *Printed name and title*

                              _____
                                       *Server's address*

Additional information regarding attempted service, etc: